UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

PAULETTE RODGERS,

    Plaintiff,

vs.

CARNIVAL CORP., d/b/a
CARNIVAL CRUISE LINES, INC.,

    Defendant.
_____/

## COMPLAINT

COMES NOW, the Plaintiff, PAULETTE RODGERS, by and through undersigned counsel, and sues the Defendant, CARNIVAL CORP., d/b/a CARNIVAL CRUISE LINES, INC. and further states as follows:

### JURISDICTIONAL AND VENUE ALLEGATIONS

1. This is a cause of action for damages in excess of $75,000.00, exclusive of interests and costs.

2. Plaintiff, PAULETTE RODGERS, is *sui juris*, and a resident of the state of New York.

3. Defendant CARNIVAL CORPORATION (CARNIVAL) is a Panamanian corporation with its principal place of business in Miami-Dade County, Florida. At all times material Defendant CARNIVAL CORPORATION does business under the fictitious name of CARNIVAL CRUISE LINES, INC. For jurisdictional purposes, CARNIVAL is both a citizen of Panama and a citizen of Florida.

4. Subject matter jurisdiction exists based on diversity of citizenship pursuant to 28 U.S.C. 1332, as alleged above, because there is complete diversity of citizenship between the

parties and the amount of damages claimed exceeds $75,000.00 which is the minimum jurisdictional amount required for diversity of jurisdiction cases. In addition, jurisdiction also exists pursuant to 28 U.S. C. 1333 because this is a maritime cause of action.

5. At all times material hereto, the Defendant has conducted ongoing, substantial and not isolated business activity in Miami-Dade County, Florida, in the Southern District of Florida, so that *in personam* jurisdiction exists in the United States District Court for the Southern District of Florida.

6. At all times material, the Defendant has engaged in the business of operating maritime cruise vessels for paying passengers including the Plaintiff.

7. In its ticket contract with Plaintiff, Defendant requires fare-paying passengers like Plaintiff to bring any lawsuit against Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper.

8. Venue is also proper in this district because the Defendant's principal place of business is located within this district.

## GENERAL ALLEGATIONS

9. Plaintiff has complied with all conditions precedent to bringing this action.

10. Defendant owed Plaintiff a duty of reasonable care in the circumstances.

11. On or about July 20, 2018, the Plaintiff was injured aboard Defendant's cruise ship CARNIVAL HORIZON as a result of an employee of the Defendant dropping a heavy metal rod on the head of the Plaintiff while trying to open window blinds on the ship.

12. On the aforesaid date, Defendant owned and/or operated the CARNIVAL HORIZON.

## COUNT ONE-NEGLIGENCE IN OPENING THE WINDOW BLINDS

13. Plaintiff reavers and realleges paragraphs One through Twelve as if set forth herein.

14. On the aforesaid date, the Plaintiff was in the Meridian Dining Room on board CARNIVAL HORIZON.

15. A waiter in the dining room attempted to open some window blinds near where Plaintiff was sitting and in the process of opening the blinds allowed and/or dropped a heavy metal rod to fall directly on the person and body of the Plaintiff.

16. The Defendant failed to exercise reasonable care in the circumstances by failing to open the window blinds in a manner which was reasonably safe in the circumstances and by failing to inspect the window blinds to make sure the metal rods which were part of the window blinds were secure.

17. In addition, or in the alternative thereto, the waiter failed to warn Plaintiff of a potentially dangerous condition, specifically a heavy metal rod which was part of a set of window blinds.

18. On or about the aforesaid date, Plaintiff suffered serious personal injury while she was aboard CARNIVAL HORIZON by reason of a metal rod which was part of a set of window blinds.

19. In addition, or in the alternative thereto, the equipment involved was defective and in need of repair and ordinary maintenance which Defendant failed to provide.

20. Notwithstanding Defendant's duty as aforesaid, Defendant breached its duty by unreasonably:

    a. Failing to properly maintain a set of window blinds in a reasonably safe condition, and/or;

    b. Failing to properly operate a set of window blinds; and/or;

    c. Failing to train a waiter in the proper method of opening a set of window blinds,

and/or;

22. At all times material, the Defendant either created the dangerous conditions of which Plaintiff complains and/or the dangerous conditions existed for a sufficient period of time that Defendant had constructive knowledge of the dangerous conditions and/or Defendant had actual knowledge of the dangerous conditions hereinbefore alleged in paragraph 21 to have caused or contributed to causing Plaintiff's injury.

23. As a result of the foregoing, the Plaintiff was seriously injured when she was caused to be struck on the head and person by a heavy metal rod by a dining room waiter that was attempting to open a set of window blinds adjacent to where Plaintiff was sitting.

24. At all times material hereto, the Plaintiff acted with reasonable care for her own safety.

25. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered a loss of earnings/earning capacity; suffered an aggravation of known and unknown pre-existing conditions, suffered scarring and disfigurement and suffered a loss of enjoyment and value of the cruise.  Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs.  Jury trial is demanded.

### COUNT TWO- NEGLIGENT DESIGN AND CONSTRUCTION

26. Plaintiff reavers and realleges Paragraphs 1-12 as if set forth herein.

27. Defendant CARNIVAL actively participated in the design and construction of the

CARNIVAL HORIZON. Defendant, through its new-build department, in-house engineers, architects, designers and others actively participated in the design and construction of the window blinds which caused Plaintiff's injury and chose or participated in choosing the materials for the window blinds where the incident occurred

28. Defendant contracted with design firms to design and construct the window blinds where this incident occurred, contracted with the shipyard to build the ship, stationed representatives at the shipyard to oversee construction and design elements, and through the contract documents and relationship as owner had the ultimate ability to reject or accept the design, construction and materials used on the window blinds where Plaintiff.

29. Defendant was negligent in the design, construction, inspection and approval process of the ship for failing to select, construct and/or design a proper set of window blinds which was and is reasonably safe in the circumstances.

30. Defendant knew or should have known through the exercise of reasonable care in the circumstances that the window blinds where Plaintiff was injured was unreasonably dangerous.

31. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise; suffered a loss of earnings/earning capacity, suffered scarring and/or disfigurement. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

32. At all times material, Plaintiff acted with reasonable care for her own safety.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment Interest and costs. Jury trial is demanded.

## COUNT III-FAILURE TO WARN

33. Plaintiff reavers and realleges Paragraphs 1-12 as if set forth herein.

34. The Plaintiff was seriously injured when a heavy metal rod fell from a set of window blinds when a waiter attempted to open a set of window blinds.

35. In this case, no warnings were communicated to Plaintiff regarding the unreasonably dangerous condition of the window blinds, or that Plaintiff was sitting too close to them.

36. At all times material, Plaintiff was acting with due care for her own safety while showering.

37. At all times material hereto, Defendant was in direct control of the vessel where Plaintiff was injured.

38. The Defendant failed to use reasonable care in the circumstances by failing to warn Plaintiff that the window blinds were in need of repair or maintenance or that a heavy metal rod could fall on the Plaintiff.

39. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise; suffered a loss of earnings/earning capacity. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

- 7 -

40. Defendant knew or should have known through the exercise of reasonable care in the circumstances that the metal rod that fell on Plaintiff was unreasonably dangerous.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs.  Jury trial is demanded.

DATED this 15th day of July, 2019.

                                      HOFFMAN LAW FIRM
                                      PAUL M. HOFFMAN, ESQUIRE
                                      2881 East Oakland Park Boulevard
                                      Fort Lauderdale, FL 33306
                                      Telephone: (954) 707-5040


                                      */s//Paul M. Hoffman, Esq.*
                                      PAUL M. HOFFMAN
                                      Florida Bar No:   0279897